# EXHIBIT 1

Complaint

Electronically Filed
5/5/2026 5:12 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-26-945845-B
Department 22

**COMPB**
Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
John Bragonje, Bar No. 9519
John.Bragonje@wbd-us.com
Zaydee Stemmons, Bar No. 16991
Zaydee.Stemmons@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113
Tel: 702.949.8200
Fax: 702.949.8398

*Attorneys for Plaintiff Paul Abramowitz*

**EIGHTH JUDICIAL DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| PAUL ABRAMOWITZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BITCOIN CORP. f/k/a GRYPHON DIGITAL MINING, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>Dept. No.<br><br>**VERIFIED COMPLAINT**<br><br>**BUSINESS COURT REQUESTED**<br><br>**[EXEMPT FROM ARBITRATION: EXTRAORDINARY RELIEF REQUESTED AND DECLARATORY RELIEF REQUESTED PURSUANT TO NAR 5(a)(1)(G) AND NAR 5(b)(1)(C)]** |

Plaintiff Paul Abramowitz ("Plaintiff"), by and through his counsel, the law firm of Womble Bond Dickinson (US) LLP, hereby submits the following Complaint against American Bitcoin Corp. f/k/a Gryphon Digital Mining, Inc. ("Defendant"), and states:

**PARTIES**

1. Plaintiff Paul Abramowitz is, and at all times relevant herein was, a resident of the State of California

2. Upon information and belief, Defendant American Bitcoin Corp. is a Delaware corporation with its principal offices in Miami, Florida formerly known as Gryphon Digital Mining,



WOMBLE BOND DICKINSON
8488 Rozita Lee Ave, Suite 400
Las Vegas, NV 89113

Inc. Upon information and belief, at all times relevant herein, Defendant had its principal offices in Las Vegas, Nevada.

**JURISDICTION & VENUE**

3. This Court has jurisdiction over this cause pursuant to NRS 3.001 et seq. because there is an action for the collection of amounts due and owing under the Employment Agreement (defined below) between the parties in excess of Fifteen Thousand Dollars ($15,000.00).

4. Venue is proper pursuant to NRS 13.010 et seq. because the obligations under the Employment Agreement (defined below) between the parties were incurred and were to be performed in Clark County, Nevada.

**GENERAL ALLEGATIONS**

5. Sphere 3D Corp. (“Sphere”) and Defendant are both in the cryptocurrency mining industry.

6. Cryptocurrency mining ensures that the payment network underlying bitcoin is functioning. Through mining, companies generate new bitcoin for themselves and earn revenue through transaction fees.

7. Cryptocurrency is stored in an individual’s digital wallet, akin to an online bank account.

8. On August 19, 2021, Sphere and Defendant entered into a Master Services Agreement (“MSA”), which was amended on December 29, 2021.

9. Under the MSA, Defendant agreed to provide exclusive management services in exchange for a management service fee of 22.5% of revenues from Sphere’s cryptocurrency mining.

10. The MSA made defendant a custodian of certain of Sphere’s digital assets in its wallet. The MSA also required Defendant to sell Sphere’s digital assets upon Sphere’s instruction.

11. Sphere provided $35 million to Defendant as its custodian to deposit with Core Scientific, Inc. (“Core”). Core is also in the cryptocurrency mining industry.

. . .

. . .



WOMBLE BOND DICKINSON
8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113

8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113
WOMBLE BOND DICKINSON

***Bankruptcy Action filed by Core Scientific***

12. On December 21, 2022, Core filed for Chapter 11 Bankruptcy in the Southern District of Texas, Case No. 22-90341.

13. Both Sphere and Defendant should have filed proofs of claim in the Core bankruptcy proceedings. Defendant was wrongly advised by its attorneys, K&L Gates, not to file a proof of claim.

14. Thus, on April 13, 2023, only Sphere filed two proofs of claim for the two affiliated debtors in the Core bankruptcy for $39,541,996.30 plus additional unliquidated amounts.

15. On May 9, 2023, Core objected to Sphere's claims. On May 30, 2023, Core filed a Motion for Summary Judgment on Sphere's Claims, arguing that Defendant, not Sphere, was the proper party to bring the claim.

16. On August 8, 2023, the Bankruptcy Court denied Core's Motion for Summary Judgment.

17. On November 21, 2023, Core commenced an adversary proceeding against Sphere and Defendant, seeking damages for construction costs and lost profits arising from the agreements between the parties.

18. On December 15, 2023, Defendant filed a Motion for Leave to File Proof of Claim after Bar Date, contingent on the court's ruling that Gryphon, rather than Sphere, was the proper Plaintiff.

19. On January 2, 2024, Core filed a Motion for an Order Authorizing and Approving Settlement Among Debtors, Sphere 3D Corp., and Gryphon Digital Mining Inc.

20. On January 16, 2024, the Bankruptcy Court approved the settlement, which included a $10,000,000 million payment from Core to Sphere for its claim.

21. Also on January 16, 2024, the Bankruptcy Court confirmed Core's reorganization plan.

. . .

. . .

. . .

WOMBLE BOND DICKINSON
8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113

***Sphere's Civil Action against Gryphon Digital Mining***

22. On April 7, 2023, Sphere filed a Complaint for breach of the MSA in the Southern District of New York, Case No. 1:23-cv-02954-PKC-VF. Defendant brought counterclaims for breach of the MSA.

23. Defendant estimated damages of approximately 25 million dollars as a result of Sphere's breaches of the MSA, including failing to pay Defendant 22.5% of Sphere's revenue.

24. Sphere sought damages of approximately $25 million as a result of Defendant's failure to file a proof of claim in the Core bankruptcy proceedings, among other claims.

25. On July 22, 2024, Plaintiff was retained primarily to manage litigation for Defendant. *See* Employment Agreement, attached hereto as **Exhibit "A".**

26. Plaintiff began performing the services under the Employment Agreement in July 2023, but the terms were memorialized on July 22, 2024.

27. Plaintiff performed other additional advisory services for Gryphon for which Defendant orally committed to provide Plaintiff with reasonable compensation.

28. Plaintiff agreed to provide "strategic business and legal strategy services" for a month-to-month term that renews automatically with 30-day notice period to cancel. *See* Employment Agreement, Sections 2 and 3.

29. In exchange, Defendant was required to pay Plaintiff a monthly salary equal to $9,000.00 per month.

30. Defendant also agreed to pay certain Bonuses, as explained below (*See* Employment Agreement, Section 8):

a. 10% of the "proceeds for the recovery of amounts recovered or awarded from Sphere 3D" as a result of Sphere's termination of the MSA ("Sphere Bonus");

b. 10% of any reduction in fees payable to K&L Gates arising from the fee dispute ("Fee Dispute") between Gryphon and K&L Gates ("Fee Bonus");

c. 10% of any recovery from all malpractice claims against K&L Gates ("Malpractice Bonus").

31. Defendant agreed to pay the Sphere Bonus upon recover or receipt of amounts and agreed to pay the Malpractice Bonus upon recovery or receipt of any amounts received as a result of the malpractice claims. *See* Employment Agreement, Section 2. Defendant agreed to pay the Fee Bonus upon final settlement of the Fee Dispute.

32. Considering the Sphere's claims against Gryphon, the parties were unsure what Gryphon's "recovery" against Sphere would be. It was conceivable that Gryphon may only obtain a reduction in liability.

33. Throughout the litigation, Plaintiff provided strategic business and litigation services in accordance with the agreement.

34. Defendant and Sphere settled in a mutual walkaway agreement.

35. Frustrating Plaintiff's entitlement to the Fee Bonus, Defendant did not pursue any malpractice claims against K&L Gates.

36. On March 12, 2025, Defendant and Sphere notified the court of their settlement.

37. On March 27, 2025, Defendant gave Plaintiff notice of its intent to cancel the Employment Agreement.

38. On May 12, 2025, Gryphon Digital Mining and American Bitcoin announced a stock-for-stock merger agreement in which Gryphon Digital Mining would be the surviving legal entity but the combined company would operate under the American Bitcoin name.

39. In December 2025, Plaintiff requested the payment of the Bonuses, as well as information regarding the settlement between Sphere and Defendant to confirm the amount of the Sphere Bonus.

40. On January 15, 2026, Defendant informed Plaintiff of its refusal to pay the Bonuses due under the Employment Agreement.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

41. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

WOMBLE BOND DICKINSON
8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113

42. The Employment Agreement is a valid, binding, and enforceable contract to which Defendant was a party and is still obligated.

43. Plaintiff has abided by the terms of the Employment Agreement and fulfilled his duties in accordance with the Agreement by providing strategic business and litigation services in accordance with the agreement.

44. Plaintiff performed additional services not required by the Employment Agreement upon the oral commitment of Defendant to provide additional compensation.

45. Sphere's release of Defendant's obligation to pay approximately $25 million in asserted damages constitutes a recovery under the terms of the Employment Agreement.

46. Defendant has materially breached its obligation under the Employment Agreement by refusing to pay 10% of this recovery to Plaintiff.'

47. Defendant has further breached by failing to pay Plaintiff for the supplemental services not covered under the Employment Agreement.

48. As a direct and proximate result of Defendant's breaches of the Agreement, Plaintiff has suffered damages in excess of $2,500,000.00.

49. Plaintiff has been required to retain attorneys to prosecute this action and is entitled to an award of attorney fees, interest, and costs of suit, according to proof.

## SECOND CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

50. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

51. In every contract, there exists an implied obligation to act in good faith and deal fairly.

52. Defendant has breached the implied covenant of good faith and fair dealing by failing to prosecute a malpractice action against K&L Gates, thus depriving Plaintiff of the Malpractice Bonus.

53. As a direct and proximate result of the Defendant's breach of the covenant, Plaintiff has suffered damages in an amount to be proved at final hearing.

WOMBLE BOND DICKINSON
8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113

54. Plaintiff has been required to retain attorneys to prosecute this action and is entitled to an award of attorney fees, interest, and costs of suit, according to proof.

**THIRD CAUSE OF ACTION**

**(Unjust Enrichment)**

55. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

56. Plaintiff conferred the benefit of his services pursuant to the Employment Agreement on Defendant.

57. The reduced salary Plaintiff agreed to was in contemplation of the bonuses discussed more fully above that the parties expected Plaintiff to receive.

58. The bonuses were intended to take effect when Defendant achieved a beneficial result in the Sphere litigation, which Defendant did achieve because of Plaintiff's services.

59. Defendant has unjustly retained the benefit of the funds it would have had to pay if not for the Settlement Agreement with Sphere and which, if it were allowed to keep, would be contrary to the fundamental principles of justice or equity and against good conscience.

60. Plaintiff further conferred the benefit of additional advisory services not contemplated by the Employment Agreement on Defendant.

61. Defendant retained the benefit of these services and obtained a favorable result by avoiding any liability to Plaintiff.

62. Defendant's retention of the benefits of Plaintiff's additional services after promising to compensate Plaintiff is contrary to the fundamental principles of justice or equity and against good conscience.

63. Defendant's unjust enrichment and retention has caused Plaintiff to suffer damages in excess of $2,500,000.00.

**FOURTH CAUSE OF ACTION**

**(Quantum Meruit)**

64. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113
WOMBLE BOND DICKINSON

65. Delaware law allows a party to recover the reasonable value of his or her services.

66. Plaintiff agreed to the $9,000.00 per month salary plus Bonus fee arrangement on the assumption that reduction of liability was included in the definition of "recovery," and would be paid to him as a bonus. Furthermore, Plaintiff provided additional services unanticipated by the Employment Agreement, and Defendant orally committed to compensate Plaintiff for those services. However, Defendant never compensated Plaintiff for those additional services.

67. Plaintiff has thus not received the reasonable value of his services.

68. Defendant's retainment of the value of Plaintiff's services has caused Plaintiff to suffer damages in excess of $2,500,000.00.

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief)**

69. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

70. Plaintiff asserts a legally protected right, in that Defendant is not entitled to retain the benefits of Plaintiff's services without remitting the Sphere Bonus to Plaintiff.

71. Plaintiff asserts a legally protected right, in that Defendant is indebted to Plaintiff pursuant to the obligations contained in the Employment Agreement.

72. The issue is ripe for judicial determination.

73. Plaintiff asks this Court to determine the parties' relative rights under the Employment Agreement.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

WOMBLE BOND DICKINSON
8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages in the amount of at least $2,500,000.00, in a final amount to be proven at final hearing;

2. For special damages in a sum according to proof at final hearing;

3. For attorney fees and costs of suit, according to proof;

4. For pre-judgment and post-judgment interest; and

5. For such other and further relief as the Court may deem appropriate.

Dated: May 5, 2026

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Ogonna M. Brown*

Ogonna M. Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
John E. Bragonje, Bar No. 9519
John.Bragonje@wbd-us.com
Zaydee R. Stemmons, Bar No. 16991
Zaydee.Stemmons@wbd-us.com
8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113

*Attorneys for Plaintiff Paul Abramowitz*

8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113
WOMBLE BOND DICKINSON

8488 Rozita Lee Ave, Suite 400
Las Vegas, Nevada 89113
WOMBLE BOND DICKINSON

**VERIFICATION**

I, Paul Abramowitz, under penalty of perjury, state:

1. I am the Plaintiff in the above-entitled action.

2. I have read the foregoing Verified Complaint and am familiar with the contents thereof.

3. The factual allegations therein are true to the best of my knowledge, except for those matters set forth upon information and belief, which I believe to be true, as well.

DATED this 5th day of May, 2026.

*<u>/s/ Paul Abramowitz</u>*
PAUL ABRAMOWITZ

# EXHIBIT A

EXHIBIT A

# EMPLOYMENT AGREEMENT

This EMPLOYMENT AGREEMENT (the "Agreement"), dated as of July 22, 2024 ("Effective Date"), is made by Gryphon Digital Mining, Inc. ("Company"), a Delaware corporation having its principal offices at 1180 North Tower Center Dr, Suite 100, Las Vegas, NV 89144, and Paul Abramowitz ("Employee").

In consideration of the mutual promises made herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Position and Duties:** The Company hereby employs Employee on a non-exclusive basis for the term specified in Paragraph 2 to render services and advice to the Company as a technical advisor relating to matters upon the terms and conditions set forth herein.

2. **Term:** Except as otherwise specified in Paragraph 4 hereof, this Agreement shall be month to month from the effective date of this Agreement with a minimum one-month term (the "Term"). The Agreement shall automatically renew on a month-to-month basis with a 30-day notice period to cancel.

   In the event the Agreement is not renewed, bonus compensation specified in paragraph 8, shall become due and payable upon the recovery, receipt of proceeds for Litigation/MSA specified in paragraph 8(a)and any amounts received as result of the Malpractice specified in paragraph 8(c) and upon final settlement of the Fee Dispute specified in paragraph 8(b).

3. **Employee Services:** Employee shall perform the following services for the Company: strategic business and legal strategy services, including but not limited to services as may be mutually agreed upon by the Employee and the Company from time to time. The Company acknowledges that Mr. Abramowitz is not a lawyer and shall have no control over the manner or means by which the Services are performed. The Employee is not authorized to bind the Company to any liability or obligation or to represent that he has such authority. The Employee makes no guarantee as to the success of these strategies.

4. **Compensation:** The Company shall pay the Employee a monthly salary equal to Nine Thousand Dollars per month ($9,000) with each such monthly payment being payable on the first business day in each month during the Term.

5. **Confidentiality:** Employee will hold in confidence any information that the Company provides to Employee pursuant to this Agreement.

6. **Employee's Services to Others**: The Company acknowledges that Employee may provide services and advice to others. Nothing herein contained shall be construed to limit or restrict Employee in conducting such business with others, or in rendering such advice to others.

7. **Expenses:** The Company shall, upon request promptly reimburse the Employee for his travel and other out-of-pocket expenses.

8. **Bonus:** Employee shall be paid a bonus as follows::

   a) 10% of the proceeds for the recovery of amounts recovered or awarded from Sphere 3D as a result of Spheres termination of the MSA between Gryphon Digital Mining and Sphere 3D Corp. (***Sphere 3D Corp. v. Gryphon Digital Mining, Inc., Case No. 1:23-cv-02954-PKC).***

   b) 10% of any reduction in fees payable to K & L Gates arising from the Fee Dispute

   c) 10% of any proceeds for recovery from all malpractice claims against K & L Gates

   Company shall have the option to pay in unrestricted stock and/or cash.

9. **Governing Law:** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware.

10. **Claims under Agreement:** Any claim of controversy arising out of or related to this Agreement or breach thereof, which cannot be reconciled by the parties herein, may be subject to binding arbitration in the State of Nevada.

11. **Notices:** Any notice required to be served may be done by registered mail to the address first listed above or to any future address designated by either party, and shall be deemed to be delivered as of the date of mailing of such notice.

12. Indemnity: The Company shall indemnify and save harmless the Employee from and against any personal liability which he incurs as a direct result of performing his duties for the Company.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed, as of the day and year first above written.

**Gryphon Digital Mining Inc.**

By: Robby Chang ______________________________

Robby Chang, CEO

**Paul Abramowitz**

By: ______________________________

Paul Abramowitz